AO 91 (REV. 12/85)

# UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS, EL PASO DIVISION

USA

vs.

(1) MIRIAN VERONICA ENCALADA-FLORES

CRIMINAL COMPLAINT
CASE NUMBER: EP:25-M -02457(1) - LE

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about **May 14, 2025** in **El Paso** County, in the **WESTERN DISTRICT OF TEXAS** DEFENDANT did, Count I: 8 USC 1326a1 Re-Entry of Removed Aliens.

Count II: 50 USC 797 Prohibits the Willful Violation of any Defense Property Security Regulation

Count III: 18 USC 1382 Entry of Military Property for Any Purpose Prohibited by Law.

in violation of Title **8** United States Code, Section(s) **1326; 50:797; 18:1382**.

I further state that I am a(n) **Border Patrol Agent** and that this complaint is based on the following facts: *"In violation of Title 8, USC 1326(a)(1), being an alien to the United States, enter, attempt to enter, or was found in the United States after having been previously excluded, deported, or removed from the United States without receiving permission to reapply for admission to the United States from the Attorney General of the United States and the Secretary of Homeland Security, the successor pursuant to Title 6, United States Code, "*

Continued on the attached sheet and made a part hereof:   [X] Yes   [ ] No
Sworn to before me,

/S/ Ceniceros, Roberto B.
Signature of Complainant
Border Patrol Agent

May 16, 2025                                     at   EL PASO, Texas
Date                                                   City and State

LAURA ENRIQUEZ
UNITED STATES MAGISTRATE JUDGE

Signature of Judge
**OATH TELEPHONICALLY SWORN AT 01:17 P.M.
FED.R.CRIM.P. 4.1(b)(2)(A)**

CONTINUATION OF CRIMINAL COMPLAINT

WESTERN DISTRICT OF TEXAS

(1) MIRIAN VERONICA ENCALADA-FLORES

FACTS   (CONTINUED)

Sections 202(3), 202(4), and 557.

The DEFENDANT, Mirian Veronica ENCALADA-Flores, an alien to the United States and a citizen of Ecuador was found approximately 4 miles east of the Bridge of the Americas Port of Entry in El Paso, Texas in the Western District of Texas. From statements made by the DEFENDANT to the arresting agent, the DEFENDANT was determined to be a native and citizen of Ecuador, without immigration documents allowing him to be or remain in the United States legally.  The DEFENDANT has been previously removed from the United States to Ecuador on 02/04/2025 through New York, NY. The DEFENDANT has not previously received the expressed consent from the Attorney General of the United States or the Secretary of Homeland Security to reapply for admission into the United States.
In violation of Title 50, USC 797(1) and (2)(A): willfully violate a defense property security regulation, that is a property security regulation which, pursuant to lawful authority was promulgated or approved by the Secretary of Defense, or by a military commander designated by the Secretary of Defense.

On May 14, 2025, DEFENDANT, an alien to the United States, entered on property of the United States Army specifically, the Texas National Defense Area (Tx-NDA), without having received authorization from the U.S. ARMY or any other appropriate United States official, to be in, enter upon or access said area.

The Tx-NDA is a portion of land within the Western District of Texas that was temporarily transferred by the US International Boundary and Water Commission (USIBWC) to the U.S. Army after it was deemed necessary to establish a Tx-NDA along the U.S./Mexico border. The property transferred consists of multiple parcels of fee land located along the southern border of the United States, extending east from the American Dam at El Paso, Texas, for approximately 63 miles to Fort Hancock, Texas, and those fee parcels extending from the International Boundary line located at the centerline of the Rio Grande River to the dry side toe of the U.S. IBWC flood control levee, comprising approximately 2,000 acres.

Because this affidavit is being submitted for the limited purpose of establishing probable cause as set forth herein, I have not included each and every fact known to me concerning this investigation.
In violation of Title 18, USC 1382: within the jurisdiction of the United States, entered a military post, fort, or yard, that is, upon a TEXAS National Defense Area, for a purpose prohibited by law or lawful regulation, that is illegal entry into the United States,

Specific notice forbidding such access to the Tx-NDA was present and provided for by conspicuous twelve inch by eighteen-inch red and white colored signs placed at least every one hundred feet apart along the southern edge of the Tx-NDA stating, in both English and Spanish, that the area is a restricted area, and that unauthorized entry is prohibited by authority of the commander in accordance with the Secretary of Defense. The signs are strategically positioned to ensure they are clearly visible from the riverbank and can be seen well in advance before approaching the border fence structure. Additionally, electrical lighting is used during nighttime hours in large portions of the area from the western most portion of the Tx-NDA down river up to a mile east of the Ysleta Port of Entry. In the remaining portion of the Tx-NDA there are additional areas with lighting supplied during hours of darkness by power plant generators and other structures.

Based on the location of DEFENDANT's apprehension by U.S. Border Patrol, the DEFENDANT illegally crossed the international border from Mexico at a place not designated by immigration officers and entered the United States through the Tx-NDA.

IMMIGRATION HISTORY:

The DEFENDANT has been removed 1 time, the last one being to ECUADOR on February 4, 2025, through NEW YORK, NY.

CRIMINAL HISTORY:
NONE